UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | |
|---|---|
| MARCELLA J. BROWN,  :  <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> COMMISSIONER OF : <br> SOCIAL SECURITY, : <br> : <br> Defendant. : | Case No. 21-cv-01042 <br><br> OPINION & ORDER <br> [Resolving Doc. 1] |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Social Security case, this Court's review is limited to whether the ALJ failed to properly evaluate an occupational therapist's medical opinion according to the applicable regulations.

Finding that the ALJ erred, the Court **VACCATES** the Commissioner's decision that Plaintiff was not disabled and **REMANDS** for further proceedings consistent with this Opinion and Order.

I. Background[1]

In August 2018, Plaintiff Marcella Brown filed an application for Supplemental Security Income, claiming she was disabled due to post-traumatic stress disorder, bipolar disorder, general anxiety disorder, severe depressive disorder, and chronic lower back pain.[2]

---

[1] The Court discusses the background only as necessary to resolve Defendant's objection. Parts I and II of the report and recommendation discuss the administrative record in full. Doc. 14 at 1–10.
[2] Transcript ("Tr.") at 15, 55, 73.

Case No. 21-cv-01042
Gwin, J.

After a hearing, an ALJ issued a written decision finding Brown not disabled.[3] The decision became final on March 15, 2021.[4]

On May 19, 2021, Brown filed a Complaint challenging the Commissioner's final decision.[5] The case was referred to U.S. Magistrate Judge Jonathan Greenberg.[6] In a report, Judge Greenberg recommended that this Court vacate and remand the Commissioner's decision.[7] Defendant filed a single objection.[8] Plaintiff responded.[9]

## II.     Discussion

The Federal Magistrates Act requires a district court to conduct de novo review of report and recommendation objections.[10] This Court's review of the ALJ's decision is limited to whether the decision is "supported by substantial evidence and was made pursuant to proper legal standards."[11] However, "[e]ven if supported by substantial evidence, [ . . . ] a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits [. . . ]."[12]

### A.  Occupational Therapist Milicia's Opinion

---

[3] *Id.* at 15–24.
[4] *Id.* at 1–6.
[5] Doc. 1.
[6] *See* Local R. 16.2.
[7] Doc. 14 at 18.
[8] Doc. 15 at 1 ("[T]he Commissioner objects to the Magistrate Judge's recommendation that remand is appropriate because the ALJ failed to evaluate properly the opinion of Plaintiff's occupational therapist, Michael Milicia, OT/L.").
[9] Doc. 16.
[10] 28 U.S.C. § 636(b)(1).
[11] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(g)).
[12] *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 282 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006)).

-2-

Case No. 21-cv-01042
Gwin, J.

On September 14, 2018, Brown underwent a physical capacity evaluation with Michael Milicia, OT/L.[13] Milicia spent approximately 120 minutes one-on-one with Brown conducting the assessment.[14] Milicia concluded Brown had the ability to perform sedentary physical demands; however, "she is unable to stand for 1 hour and 45 minutes, and sit at least 2 hours at one time."[15] Brown could occasionally reach, perform fine coordination, gross coordination, and firm grasping, and walk.[16] Brown could frequently pinch and perform simple grasping.[17]

Milicia also reported that his conclusions were based on the following observations:

> Consistency of Effort results obtained during testing indicate significant observational and evidence based inconsistencies resulting in self-limiting behavior and submaximal effort.
>
> Reliability of Pain results obtained during testing indicate pain could have been considered while making functional decisions.[18]

### B. Medical Opinion Regulations

The applicable regulations[19] in this case both grant the Commissioner latitude in evaluating medical evidence and require the agency to "articulate how [it] considered the medical opinions" with respect to the "most important factors."[20] Those factors are:

---

[13] OT/L designates a state-licensed occupation therapist who has not maintained board certification and registration with the National Board for Certification in Occupation Therapy.
[14] Tr. at 1369.
[15] *Id.* at 1368.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] Since Brown's claim was filed after March 27, 2017, the Social Security Administration's "new regulations" for evaluation of medical opinion evidence apply here. *See Revisions to Rules Regarding the Evaluation of Medical Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017).
[20] 20 C.F.R. § 404.1520c; *see also Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 908 (E.D. Mich. 2021) ("Because of the greater latitude afforded ALJs under the new regulations, the importance of cogent explanations is perhaps even more important."); *see also Warren I. v. Comm'r of Soc. Sec.*, No. 20-495, 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01 (2017) ("The new regulations promulgated by the Social Security Administration set forth a 'minimum level of articulation' to be provided

-3-

Case No. 21-cv-01042
Gwin, J.

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.[21]

### C. The ALJ's Written Decision

The ALJ determined that Brown could "perform light work."[22] The ALJ continued: "[S]he can occasionally balance, stoop, kneel, crouch and crawl; can occasionally climb ramps and stairs, [ . . . ] and mentally, she can perform simple, routine tasks in a low stress environment (defined as no fast pace, assembly work, strict quotas or frequent duty changes)."[23]

In reaching that determination, the ALJ discounted Milicia's assessment. The ALJ wrote:

> Michael Milicia, OT/L opined the claimant can stand and [ . . . ] sit [ . . . for] less [than] two hours in a workday and has limitations in manipulative and postural activities (Exhibit B8F). While Mr. Milicia's opinion is supported with his examination findings, he noted that the claimant's effort during his examination was inconsistent and suboptimal (Exhibit B8F/2). Accordingly, the undersigned finds his opinion unpersuasive.[24]

### D. Analysis

---

in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'").

[21] 20 C.F.R. § 404.1520c(c)(1)–(2).
[22] Tr. at 20.
[23] *Id.*
[24] Tr. at 22 (typos corrected for sake of comprehension).

-4-

Case No. 21-cv-01042
Gwin, J.

The Court finds that the ALJ did not properly apply the Supportability and Consistency factors as medical opinion regulations require.

First, the ALJ's one-clause rejection of Milicia's opinion on the grounds that Brown's effort during the exam was "inconsistent and suboptimal" was inadequate. In some cases, as in *King v. Comm'r of Soc. Sec.*,[25] a claimant's "poor effort" may provide grounds to discredit a medical opinion.[26] But that is not the scenario here: Milicia's opinion suggests that Brown's inconsistent effort was *explained by* the pain she was experiencing, thereby potentially adding credibility to the assessment of her physical limitations.

Second, Defendant concedes that the ALJ "did not expressly mention the term consistency in addressing Mr. Milicia's opinion."[27] And while Defendant suggests that the ALJ's reference to "Plaintiff's inconsistent and less than full effort during the examination also highlighted the [Milicia] opinion's lack of consistency with other normal physical findings in the longitude record,"[28] this argument is unpersuasive. While there is varying evidence regarding the extent of Plaintiff's physical condition,[29] the regulations require the ALJ to discuss the Milicia evidence in relation to other medical evidence. For example, as Judge Greenberg noted,[30] the ALJ failed to examine the Milicia evidence in relation to Dr. Eulogio Sioson's relatively consistent physical examination finding that: "Manual muscle testing was affected by pain. [Brown's] left thigh [is] 3 cm smaller."[31]

---

[25] No. 5:16-cv-1, 2017 WL 467827 (N.D. Ohio Feb. 2, 2017).
[26] *Id.* at *13.
[27] Doc. 15 at 3.
[28] Doc. 15 at 3.
[29] *See* Doc. 15 at 3–4 (referencing relatively more normal findings).
[30] Doc. 14 at 18.
[31] Tr. at 770.

Case No. 21-cv-01042
Gwin, J.

Lastly, the decision in *Merrell v. Comm'r of Soc. Sec.*[32] only illustrates the deficiencies in the ALJ's decision. There, the court observed: "the regulations do not require the ALJ to issue a perfect decision."[33] Because the ALJ in that case articulated three cogent reasons to find a medical opinion unpersuasive, the court found the decision sufficiently thorough, even though the ALJ did not strictly follow the regulations' framework.[34] But that is not what happened here: without adequate explanation, the ALJ discounted an entire medical report that was based on a physical examination.

### III. Conclusion

For these reasons, the Court **VACATES** and **REMANDS** the Commissioner's decision.

IT IS SO ORDERED

Dated: July 20, 2022            *s/ James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[32] No. 20-cv-769, 2021 WL 1222667 (N.D. Ohio Mar. 16, 2021), *report and recommendation adopted*, No. 20-cv-769, 2021 WL 1214809 (N.D. Ohio Mar. 31, 2021).
[33] *Id.* at *6.
[34] *Id.*